MERTZ & SMITH, Appellants, v. ROACH GRAIN & ELEVATOR CO., Appellee.* (No.

*Writ of error dismissed for want of jurisdiction May 5, 1926.

9534.)　(Court of Civil Appeals of Texas. Dallas. Feb. 20, 1926. Rehearing Denied March 20, 1926.) Appeal from District Court, Collin County; F. E. Wilcox, Judge. J. H. Synnott, of Dallas, for appellant. Smith & Abernathy, of McKinney, for appellee.

LOONEY, J. This is a suit by appellants against E. D. Roach, under the trade-name of Roach Grain & Elevator Company, for damages for the alleged breach of contracts to purchase 15,000 bushels of No. 3 white corn for delivery, "seller's option," during the month of October, 1920. Appellants' contention is that, when the time for delivery as expressed in the contracts arrived, they were ready, able, and willing to deliver the corn, but that appellee refused, although repeatedly requested, to give them shipping instructions, and failed to receive and pay for the corn according to contract. Appellee's answer contained the general issue, and specially denied that he failed or refused to give shipping instructions, but, on the contrary, alleged that he gave instructions for the shipment of five cars of the corn, and offered to give shipping instructions for the remainder, upon being notified by appellants of their readiness to make shipments, which he alleged they were required to do, according to custom prevailing among grain dealers operating under such contracts; that appellants breached the contracts, in that they failed to ship as instructed, and at no time did they have, or notify appellee that they had, any corn loaded and ready for shipment. On July 10, 1920, appellants, through Texas Grain Brokerage Company, of Forth Worth, Tex., consummated a contract with appellee for the sale of 10,-000 bushels of No. 3 white corn for shipment during the month of October following, at "seller's option," and on July 14, 1920, through the same agency, made a similar contract with appellee for the sale of 5,000 bushels additional of same grade of corn, for shipment, "seller's option," during the same month. No corn was ever shipped under these contracts. The case as tried below, and as presented here, is narrowed to the one question of fact; that is, did appellee comply with his obligation to furnish appellants shipping instructions within the meaning of the contract? In response to the issues submitted, the jury found the facts in harmony with the contention of appellee. The evidence, in our opinion, justified the verdict of the jury, and in other respects fully sustains the judgment of the court. Finding no error, the case is affirmed. Affirmed.